BRIDGES, C.J., for the Court:
¶ 1. Sherman Tobias pled guilty to the crime of uttering forgery in the Circuit Court of Copiah County and was sentenced as a habitual offender to fifteen years in the custody of the Mississippi Department of Corrections, without the possibility of parole. Tobias appeals from a denial of his motion for post-conviction relief raising the following issues: (1) his guilty plea was not intelligently, knowingly and voluntarily made; (2) his counsel was ineffective; and (3) Tobias was improperly sentenced as an habitual offender.
¶ 2. Finding the issues raised procedurally barred and/or without merit, we affirm the trial court’s denial of post-conviction relief.
FACTS
¶ 3. On November 10,1995, Sherman Tobi-as was indicted for uttering forgery as a habitual offender. Tobias waived arraignment and entered a plea of not guilty. On March 20, 1996, before voir dire, defense counsel advised the lower court that Tobias did not want to go to trial. In an on-the-record discussion, the trial judge told Tobias that if Tobias pled guilty and the court accepted his plea, the court was statutorily required to sentence Tobias to the maximum sentence for uttering forgery as he was an habitual offender. The trial judge twice announced Tobias would be sentenced to fifteen years without the possibility of parole. Tobi-as decided to go to trial.
¶ 4. During voir dire, a prospective juror stated he could not be a fair juror because he had “some stuff stolen by one of the Tobi-as[es] there in Crystal Springs.” The court asked, “Of course, you’re not saying that has anything to do with this defendant?” The prospective juror responded, “No. I just don’t feel like I could made a fair decision.” Defense counsel asserted the prospective juror had tainted the jury. The court disagreed.
¶ 5. Thereafter, Tobias entered his plea of guilty with the understanding that if his plea were accepted, the court would be required to sentence him to fifteen years without eligibility of parole due to his habitual offender status.
¶ 6. During the plea colloquy the trial judge again stated that the court was not bound by nor would it consider any plea bargain agreement. Tobias answered affirmatively that he understood if the court accepted his guilty plea Tobias would be sentenced to fifteen years without the possibility of parole. Tobias withdrew his not-guilty plea to the crime of uttering forgery, pled guilty, and was sentenced as an habitual offender to fifteen years in the custody of the Mississippi Department of Corrections without parole.
¶ 7. On April 21,1997, Tobias filed a pro se petition for post-conviction relief under Miss. Code Ann. § 99-39-5 (Supp.1998), asserting (1) his plea of guilty was involuntary because he had been promised a sentence of five years with parole eligibility, (2) his attorney was ineffective, (3) his conviction was illegal because it was based on a statement by a witness who was a mental patient, and (4) the jury was tainted during voir dire.
¶8. The circuit judge summarily denied the petition for post conviction relief on July *974 14, 1997. Tobias appeals the denial of his motion for post-conviction collateral relief.
ARGUMENT AND DISCUSSION OF THE LAW
I. WHETHER TOBIAS INTELLIGENTLY, KNOWINGLY AND VOLUNTARILY ENTERED HIS PLEA OF GUILTY
¶ 9. Tobias argues on appeal that the trial court erred in finding that he intelligently, knowingly and voluntarily entered the guilty plea.
¶ 10. As the Supreme Court stated in Brady v. U.S., 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970):
[T]he plea is more than an admission [in open court that the defendant committed the acts charged in the indictment]; it is the defendant’s consent that judgment of conviction may be entered without a trial — a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.
¶ 11. In Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991), the supreme court held that “a guilty plea must be made voluntarily in order to satisfy the defendant’s constitutional rights.” A plea is considered voluntary if the defendant knows the elements in the charge against him, including an understanding of the charge, the effect of the plea, and the possible sentence. Taylor v. State, 682 So.2d 359, 362 (Miss.1996). There should be a complete record of the plea to ensure the defendant’s plea was voluntary. Id.
¶ 12. Tobias argues that his plea of guilty to the charge of uttering forgery as an habitual offender was not voluntary because the trial judge did not honor the plea bargain agreement offered by the State. However, the record reveals the trial judge advised Tobias repeatedly that no plea bargain agreement with the State would be considered and Tobias would be sentenced to fifteen years as an habitual offender if Tobias pled guilty.
¶ 13. Upon confirmation that Tobias wished to enter a guilty plea, the trial judge interrogated Tobias thoroughly and carefully explained to him the full gamut of constitutional protections available to him as well as the ramifications of entering a guilty plea. Again, the trial judge made sure Tobias understood the plea bargain agreement would not be considered:
THE COURT: You realize that the Court is not bound by any type of plea bargain agreement that your lawyer and the State may have entered into. In fact, I told you in this case I’m not going to consider any plea bargain agreement; do you understand that? You’re pleading without the effect of any type of recommendation from the State; do you understand that?....
THE DEFENDANT: I understand.
THE COURT: And you understand that I’m going to sentence you according to what I want to sentence you to without regard to any recommendation from the State, and what the State recommended is past tense. I’m not going to consider that; do you understand?
THE DEFENDANT: Yes, sir.
THE COURT: You realize that the crime of which you’re charged carries up to 15 years in the penitentiary, and the minimum sentence, I believe, would be a suspended sentence, but in as much as you’re charged as an habitual offender status, then whatever I sentence you to will be without benefit of parole; do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: You fully understand? Have you talked with your lawyer about all this?
THE DEFENDANT: Yes, sir.
THE COURT: And you fully understand it. Any questions you want to ask me about it?
THE DEFENDANT: I have no questions.
¶ 14. Thereafter, the trial court adjudicated Tobias guilty and sentenced him to a term of *975 fifteen years as a habitual offender without the possibility of parole. The record supports the trial judge’s finding that Tobias’s plea of guilty to the crime of uttering forgery was freely and voluntarily given, with full understanding of the nature of the crime charged.
¶ 15. Accordingly, the circuit court was correct when it found that Tobias intelligently, knowingly and voluntarily entered his guilty plea.
II. WHETHER TOBIAS RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 16. Tobias contends he relied solely on advice of counsel to effectively represent him and his attorney showed extremely poor judgment by announcing to the judge several times that Tobias wished to enter a plea of guilty when the attorney knew the court was not going to honor the plea bargain agreement. In denying the petition for post-conviction relief, the trial judge found Tobias stated under oath that defense counsel had done all that had been requested of him and that Tobias was satisfied with counsel.
¶ 17. The standard of review for ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which has been adopted by the Mississippi Supreme Court. Eakes v. State, 665 So.2d 852, 872 (Miss.1995). A defendant must show his attorney’s performance was deficient, and the deficiency was so substantial as to deprive the defendant of a fair trial. Id. We require the defendant prove both elements. Brown v. State, 626 So.2d 114, 115 (Miss.1993); Wilcher v. State, 479 So.2d 710, 713 (Miss.1985). In any case presenting an ineffective assistance of counsel claim, the performance inquiry is whether counsel’s assistance was reasonable considering all the circumstances. Foster v. State, 687 So.2d 1124, 1129 (Miss.1996). This is measured by a totality of the circumstances, and thus, the Court must look at counsel’s over-all performance. Taylor, 682 So.2d at 363 (Miss.1996). There is no constitutional right to errorless counsel. Foster, 687 So.2d at 1130. “Judicial scrutiny of counsel’s performance must be highly deferential.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
[T]here is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.”
Schmitt, 560 So.2d at 154 (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
¶ 18. Tobias fails to show any deficiency in defense counsel’s performance. The record reveals defense counsel’s performance was reasonable under the circumstances. Defense counsel negotiated a plea bargain with the State; however, Tobias failed to accept or reject it by the deadline thus the agreement lapsed. Defense counsel relayed Tobi-as’s desire to enter a guilty plea to the court when instructed to do so by Tobias.
THE COURT: Now, Mr. Tobias, your lawyer has filed a petition in Cause Number 14,872 whereby you want to enter a plea of guilty to uttering forgery as an habitual criminal; is that right?
THE DEFENDANT: Yes, sir.
THE COURT: Did you read this entire petition?
THE DEFENDANT: Yes, sir.
THE COURT: And did you go over it with Mr. Bass?
THE DEFENDANT: Yes, sir.
THE COURT: And did he explain everything in it?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand everything in it?
THE DEFENDANT: Yes, sir.
¶ 19. Defense counsel explained to Tobias the constitutional rights waived and consequences of pleading guilty.
THE COURT: [A]ll these rights that we’ve talked about, have you discussed them fully with your lawyer?
THE DEFENDANT: Yes, sir.
*976 THE COURT: And have you fully discussed all the facts and circumstances surrounding your case with your attorney?
THE DEFENDANT: Yes, sir.
THE COURT: And does he understand all the facts?
THE DEFENDANT: Yes, sir.
THE COURT: Has he fully explained to you all the law relating to the charges against you and relating to the procedures that would be used in a trial against you?
THE DEFENDANT: Yes, sir.
THE COURT: Has he explained to you and do you fully understand the nature of the charges and all possible defenses you might have in the event your case went to trial?
THE DEFENDANT: Yes, sir.
¶ 20. Moreover, Tobias under oath expressed his satisfaction with his attorney’s assistance:
THE COURT: Are you satisfied with the advice and help that your lawyer has given you?
THE DEFENDANT: Yes, sir.
THE COURT: He’s done a good job? Nothing — no questions you have as to his competency or anything or his efforts so far?
THE DEFENDANT: No, sir.
¶ 21. Accordingly, Tobias’s allegation of ineffective assistance by counsel is without merit.
III. WHETHER THE LOWER COURT ERRED IN SENTENCING TOBIAS AS A HABITUAL OFFENDER
¶ 22. Tobias argues he was wrongfully sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 (Rev.1994). Sufficient information was contained in the indictment to enable Tobias to identify with certainty the prior convictions relied upon by the state for enhanced punishment:
[O]n December 8, 1982, the said Sherman Tobias was found guilty in the Circuit Court of Copiah County to the crime of Uttering Forgery, a felony under the laws of the State of Mississippi, in Cause No. 13,303, and was sentenced to serve a term of fifteen (15) years in the custody of the Mississippi Department of Corrections, ... and on March 3, 1980 the said Sherman Tobias pled guilty in the Circuit Court of Copiah County, Mississippi, to the crime of Receiving Stolen Property a felony under the laws of the State of Mississippi, in Cause Number 13,037 and was sentenced by the Court to serve a term of one year in the custody of the Mississippi Department of Corrections....
¶ 23.Further, the trial judge repeatedly declared during the plea colloquy and sentencing hearing that he was statutorily required to sentence Tobias as a habitual offender to fifteen years in the custody of the Mississippi Department of Corrections without parole. At no time during the plea colloquy or sentencing hearing did Tobias raise the issue of his status as a habitual offender based on the prior convictions specified in the indictment. Likewise, Tobias was silent as to this issue in his petition for post conviction relief.
¶24. We find Tobias should have raised this issue during his plea colloquy, sentencing hearing or in his petition for post conviction relief, and the claim is now procedurally barred by Miss.Code Ann. § 99-39-21(1) (Rev.1994):
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
¶ 25. “Post-conviction relief is not granted upon facts and issues which could or should have been litigated at trial and on appeal.” Williams v. State, 669 So.2d 44, 52 (Miss.1996).
¶26. Tobias is procedurally barred from making a challenge to his sentence as a habitual offender since he did not raise the issue during his plea colloquy, sentencing hearing or in his petition for post conviction relief, and his status as an habitual offender *977 was capable of determination at that point. Id.
¶ 27. This issue is proeedurally barred.
IV. WHETHER TOBIAS’S CONVICTION WAS BASED ON A STATEMENT BY AN INCOMPETENT WITNESS
¶ 28. In his petition for post conviction relief, Tobias contended that his conviction was based on a statement by Latonya Webb, whom he described as “a mental patient.” The trial judge explicitly stated in his order denying Tobias’s post conviction relief that “[t]he statement of Latonya Webb was not used in regard to the guilty plea of Petitioner.”
¶ 29. The record does not support Tobias’s argument that his conviction was based on Webb’s statement. Tobias entered his guilty plea after the jury was empaneled, but before any testimony was presented to the jury. Further, Tobias admitted in his sworn petition to enter a plea of guilty he “showed an ID so Latonya Webb could cash a check w[ith] my name on it — as payee.”
¶ 30. During the plea colloquy, Tobias agreed with the State’s version of the events constituting the crime to which he was indicted. Further, Tobias admitted that he intentionally uttered a forged instrument at Bozeman’s Chevron station in Hazlehurst. Ascertaining there was a factual basis for the guilty plea and finding Tobias knowingly and intelligently waived his rights and his plea was freely and voluntarily given, the trial judge adjudicated Tobias guilty of the crime of uttering a forgery as a habitual offender.
¶ 31. This assignment of error is meritless.
V. WHETHER THE JURY WAS TAINTED BY A PROSPECTIVE JUROR’S STATEMENT DURING VOIR DIRE
¶ 32. Tobias asserts the circuit court erred in finding the jury was not tainted by a statement of a prospective juror at voir dire. Specifically, the circuit court, in preliminarily qualifying the prospective jurors, asked: “If there’s any reason that you do not feel that you could be a fair and — completely fair and impartial juror in this case and make your decision based on the law and the evidence, would you raise your hand, please.” One of the jurors, James Alen, answered in open court: “I don’t feel I could be fair as far as making a decision because I had some stuff stolen by some of the Tobias[es] there in Crystal Springs.” The judge questioned A-len further: “Of course, you’re not saying that that has anything to do with this defendant?” Alen responded, “No. I just don’t feel like I could make a fair decision.”
¶ 33. Defense counsel objected asserting Alen had tainted the jury with his remark. The judge considered the matter and found the jury was not tainted because Alen had not “accused this defendant of anything.”
¶ 34. The Mississippi Supreme Court has considered the prejudicial effect to the jury panel when a prospective juror’s comment may have suggested the defendant had a prior involvement in the same or similar offense for which he was about to be put on trial. In Irving v. State, 361 So.2d 1360, 1368 (Miss.1978), a prospective juror volunteered “Judge, the murdered man is my brother.” The Irving court immediately excused the juror, and there followed an extensive voir dire (extending to forty-one pages in the record) to assure that no member of the jury panel had been tainted by the remark.
¶ 35. Analogous to the case sub judice is Holifield v. State, 275 So.2d 851, 855-56 (Miss.1973), in which the supreme court held a witness’s untoward comment had “no prejudicial effect” because the witness’s comment did not suggest that the accused may have been involved in other offenses. We find the trial court did not err in finding that James Alen’s comment did not taint the jury inasmuch as Alen did not suggest Sherman To-bias stole anything from him, only that Alen “had some stuff stolen by some of the Tobi-as[es].”
¶ 36. There is no merit to this assignment of error.
CONCLUSION
¶ 37. The issues raised by Tobias on appeal are proeedurally barred and/or without merit. For this reason, the trial court’s denial of post-conviction relief is affirmed.
*978 ¶ 38. THE JUDGMENT OF THE COPI-AH COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.