LEE, J.,
for the court.
PROCEDURAL HISTORY
¶ 1. On September 25, 2001, a Lincoln County Circuit Court jury found William 0. Johnson guilty of numerous crimes, including one count of conspiracy to commit burglary of a dwelling, one count of burglary of a dwelling, and four counts of accessory after the fact of burglary of a dwelling. Johnson was sentenced to serve five years in the Mississippi Department of Corrections as to the conspiracy and accessory counts and ten years as to the one burglary count. Each sentence was to run concurrently, with the first five years served and the last five years on post-release supervision. Johnson appeals to this Court, asserting that the evidence was insufficient to support a guilty verdict on all counts. Finding no merit, we affirm.
FACTS
¶ 2. On December 14, 2000, five homes were burglarized over the course of the afternoon. After the first burglary occurred, a witness was able to give the police a description of a truck that had been parked in the driveway of the first burglarized home. Later that night, Johnson and a friend, driving the truck described above, were stopped by the police. The police searched the truck and found many items that had been stolen from various homes earlier that day. The police also discovered that Johnson had pawned a microwave stolen from one of the houses and had attempted to pawn other stolen pieces of merchandise, including a television, a video cassette recorder, and another microwave. Johnson and three others were ultimately arrested for the crimes.
DISCUSSION OF ISSUE
I. DID SUFFICIENT EVIDENCE EXIST TO SUPPORT A GUILTY VERDICT ON ALL COUNTS?
¶ 3. With his only issue, Johnson contends that the State’s evidence was insufficient to support the guilty verdict on all counts. Specifically, Johnson claims the trial court erred in denying his motion for a judgment notwithstanding the verdict as to all the counts. We look to our standard of review concerning the sufficiency of the evidence:
In deciding whether the prosecution has presented sufficient evidence to sustain the verdict, the Court should accept as true all credible evidence consistent with the defendant’s guilt and the State must be given the benefit of all favorable in *1265 ferences that may be reasonably drawn from the evidence. A reviewing court should only reverse where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty.
George v. State, 812 So.2d 1103 (¶ 13) (Miss.Ct.App.2001) (citation omitted). It is within the discretion of the jury to accept or reject testimony by a witness, and the jury “may give consideration to all inferences flowing from the testimony.” Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)). We will now analyze each crime separately under the standard of review.

a.Conspiracy

¶ 4. Conspiracy is a combination of two or more persons who conspire to commit a crime. Miss.Code Ann. § 97-1-1 (Rev.2000). The Mississippi Supreme Court has held that the law on conspiracy is as follows:
For there to be a conspiracy, there must be a recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purposes. The “conspiracy agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators. Furthermore, the existence of a conspiracy, and a defendant’s membership in it, may be proved entirely by circumstantial evidence.”
Harris v. State, 731 So.2d 1125 (¶ 42) (Miss.1999) (quoting Franklin v. State, 676 So.2d 287, 288 (Miss.1996)). Furthermore, the offense can be complete without showing an overt act in furtherance of the conspiracy. Davis v. State, 485 So.2d 1055, 1058 (Miss.1986).
¶ 5. From the evidence, there was sufficient evidence for the jury to find Johnson guilty of conspiracy to commit burglary. On the night before the burglaries, Johnson sought advice as to whether or not he should proceed with the plan. Johnson helped another co-defendant case one of the houses and assisted in dividing the stolen property. Johnson’s presence throughout the day was noted by other witnesses, either in trying to pawn some of the stolen goods or by being in the company of the other perpetrators constantly.
b. Burglary .
¶ 6. Burglary is the breaking and entering of a dwelling house with the intent to commit some crime therein. Miss. Code. Ann. § 97-17-23 (Rev.2000). The unexplained possession of recently stolen property is a circumstance from which culpability may be inferred. Brooks v. State, 695 So.2d 593, 595 (Miss.1997). Although the testimony and evidence relating to Johnson’s burglary charge is at times contradictory, the jury has the authority to draw inferences from a witness’s testimony and to decide whether or not that particular witness is credible. There is conflicting testimony as to whether Johnson actually entered the house he is charged with burglarizing. No fingerprints or footprints of Johnson’s were found in the house. One of the perpetrators testified that Johnson decided not to enter the house. However, Johnson had planned to enter the house and commit burglary. Furthermore, Johnson was caught soon after the burglary with stolen items. The jury had sufficient evidence to determine that Johnson was guilty of burglary.
c. Accessory after the fact
¶ 7. An accessory after the fact is one who has “concealed, received, or re *1266 lieved any felon, or having aided or assisted any felon, knowing that such person had committed a felony, with intent to enable such felon to escape or to avoid arrest, trial, conviction or punishment.” Miss.Code Ann. § 97-1-5 (Rev.2000). Furthermore, “assisting in converting a burglar’s loot into cash aids the felon in the sense that evidence of the crime is rendered less accessible to law enforcement authorities.” Buckley v. State, 511 So.2d 1354, 1358 (Miss.1987).
¶ 8. Looking at the available evidence and testimony, we find it was sufficient to support the guilty verdict. Johnson was caught with numerous stolen items, and two witnesses testified that Johnson tried to sell them some of the stolen merchandise. All three of Johnson’s partners in crime testified that Johnson’s main job in all of this was to receive the stolen merchandise and pawn or sell these items. Johnson succeeded in pawning a microwave, came close to pawning a television, and was caught with more stolen items, which he was intending to pawn the next day.
¶ 9. Finding that the jury had sufficient evidence to find Johnson guilty on all counts, we affirm.
¶10. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, CONSPIRACY TO COMMIT BURGLARY OF A DWELLING AND SENTENCE OF FIVE YEARS; COUNT II, BURGLARY OF A DWELLING AND SENTENCE OF TEN YEARS, COUNTS III, IV, V, AND VI, ACCESSORY AFTER THE FACT TO BURGLARY OF A DWELLING AND SENTENCE OF FIVE YEARS ON EACH COUNT, WITH EACH COUNT TO RUN CONCURRENTLY, WITH THE FIRST FIVE YEARS SERVED AND THE LAST FIVE YEARS ON POST RELEASE SUPERVISION, AND TO PAY $9278.49 IN RESTITUTION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.