KING, C.J., for the Court:
 

 ¶ 1. On December 16, 2008, Robert E. Hicks filed a pro se motion to vacate and set aside his conviction of burglary of a dwelling house and sentence of twenty years in the custody of the Mississippi Department of Corrections (MDOC). The Tate County Circuit Court dismissed Hicks’s motion without benefit of a hearing. Aggrieved, Hicks appeals. On appeal, Hicks argues the following issues: (1) the trial court did not have jurisdiction to hear his case; (2) he received ineffective assistance from counsel; (3) the State failed to disclose
 
 Brady
 
 material which resulted in a miscarriage of justice; and (4) his conviction and sentence were illegal. Finding no error, we affirm the judgment of the trial court.
 

 FACTS
 

 ¶ 2. On July 29, 2005, Hicks was indicted in a multi-count indictment for conspiracy to commit burglary of a dwelling, burglary of a dwelling, grand larceny, and possession of a concealed weapon. On June 20, 2006, Hicks pled guilty to burglary of a dwelling. On September 22, 2006, Hicks was sentenced to twenty years in the custody of the MDOC. The sentencing order was filed on September 26, 2006.
 

 ¶ 3. On December 16, 2008, Hicks filed his motion for post-conviction relief alleging ineffective assistance of counsel, a due-process violation of the Fourteenth Amendment, prosecutorial misconduct, and a sentencing error by the trial judge. The trial court reviewed the pleadings and court files, and pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2009), the court, without benefit of a hearing dismissed Hicks’s petition as being without merit. The order of dismissal was filed on May 28, 2009.
 

 ¶ 4. Hicks appealed on July 7, 2009. On August 26, 2009, the trial court signed an order allowing Hicks to proceed in forma pauperis. In that order, the trial court noted that Hicks’s attempted appeal was filed eight days late. However, the trial court found it appropriate, pursuant to Rule 4(g) of the Mississippi Rules of Appellate Procedure, to allow Hicks to file an out-of-time appeal.
 

 
 *642
 
 STANDARD OF REVIEW
 

 ¶ 5. When the appellate court reviews a trial court’s dismissal of a motion for post-conviction relief, it will not disturb that decision unless the trial court’s factual findings are clearly erroneous.
 
 Phillips v. State,
 
 25 So.3d 404, 406 (¶ 4) (Miss.Ct.App. 2010). “However, where questions of law are raised, the applicable standard of review is de novo.”
 
 Callins v. State,
 
 975 So.2d 219, 222 (¶ 8) (Miss.2008).
 

 I. Jurisdiction
 

 ¶ 6. Hicks argues that the indictment failed to allege intent, an essential element in the offense of burglary of a dwelling, thereby depriving the Tate County Circuit Court of the jurisdiction to accept his guilty plea or to sentence him. This issue was not raised with the trial court by Hicks. Generally, issues not first presented to the trial court may not be raised for the first time on appeal.
 
 Fluker v. State,
 
 17 So.3d 181, 183 (¶ 5) (Miss.Ct.App.2009). Notwithstanding Hicks’s failure to present this matter to the trial court, we find the issue lacks merit. In the multi-count indictment, Hicks was charged in Count One with conspiracy to commit burglary, in Count Two with burglary of a dwelling house, in Count Three with grand larceny, and in Count Five with possession of a concealed weapon. Hicks pled guilty to Count Two, and all other charges were remanded to the file. Count Two of the indictment reads that Hicks:
 

 [Ljate of the County and State aforesaid, on or about the 21st day of JANUARY, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, break and enter the dwelling house of Jeff Triplett and Laura Triplett, with the intent to commit some crime therein, in direct violation of Section 97-17-23, Mississippi Code 1972 Annotated, as amended....
 

 ¶ 7. The issue that Hicks actually attempts to raise for the first time on appeal is not a jurisdictional one, but rather a question of whether the indictment was defective. This Court has previously held in
 
 Cochran v. State,
 
 969 So.2d 119, 123 (¶ 15) (Miss.Ct.App.2007), that “[a] valid guilty plea waives all non-jurisdictional defects to an indictment.” Because Hicks entered a guilty plea as to Count Two, he waived all claims to non-jurisdictional defects to Count Two of the indictment.
 

 ¶ 8. Assuming for the sake of discussion that Hicks’s argument was not waived, we would still find that this argument is without merit.
 

 ¶ 9. “[T]he law is clear that where an indictment tracks the language of the statute, the indictment sufficiently puts the defendant on notice of the charges against him in order to prepare his defense.”
 
 Miller v. State,
 
 18 So.3d 898, 908 (¶ 43) (Miss. Ct.App.2009). Pursuant to Mississippi Code Annotated section 97-17-23 (Supp. 2009), the elements of the crime of burglary of a dwelling are: (1) the unlawful breaking and entering and (2) the intent to commit some crime when entry is attained.
 
 See Parker v. State,
 
 962 So.2d 25, 27 (¶ 9) (Miss.2007). Count Two of the indictment alleged a breaking and entering by Hicks “with the intent to commit some crime therein.”
 

 ¶ 10. While the specific offense that the State alleged Hicks intended to commit inside the Tripletts’ home was not stated in Count Two of the indictment, it was stated in Count Three of the indictment. The relevant portion of Count Three provides:
 

 [T]hat ROBERT E. HICKS ... on or about the 21st day of JANUARY, in the year of our Lord 2005, in the County
 
 *643
 
 and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully, and feloniously, take, steal and carry away the personal property of Jeff Triplett and Laura Triplett, to wit:
 

 one (1) laptop computer;
 

 one (1) black briefcase;
 

 jewelry;
 

 one (1) safety deposit box and contents;
 

 one (1) video camera;
 

 one (1) Elgin watch, and
 

 one (1) watch,
 

 of the total aggregate value of $500.000....
 

 A multi-count indictment is to be read and construed as a whole, rather than giving limited consideration to the individual counts contained therein.
 
 See Stafford v. State,
 
 55 So.2d 477 (Miss.1951). “So long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient.”
 
 Berry v. State,
 
 996 So.2d 782, 790 (¶ 24) (Miss.2008); (quoting
 
 Farris v. State,
 
 764 So.2d 411, 421 (¶ 28) (Miss.2000));
 
 see Sanderson v. State,
 
 883 So.2d 558, 561 (¶ 9) (Miss.2004). At Hicks’s plea hearing, the assistant district attorney recited the State’s expected proof as follows:
 

 In Count [Two], the State would be prepared to prove that on or about the 21st day of January in the year 2005, Robert E. Hicks, along with George Marin, who is also known as Buddy Martin, did break and enter the dwelling house of Jeff and Laura Triplett where the personal property of Mr. And Mrs. Triplett was kept, with the intent of Mr. Hicks and Mr. Martin to take, steal, and carry away the personal property found inside that home.... [Hicks] matched the physical description of one of the individuals that [Laura] was able to give, and the personal property of the Tripletts was found inside the SUV that Mr. Hicks was driving at the time.
 

 Hicks acknowledged through his counsel that the State could probably get sufficient evidence before a jury to conclude that he did break and enter the Tripletts’ home and that he was later apprehended driving an SUV that contained the Tripletts’ personal property that had been taken and carried away from their home.
 

 ¶ 11. For the foregoing reasons, this issue is without merit.
 

 II. Ineffective Assistance of Counsel
 

 ¶ 12. Hicks argues that his counsel was ineffective for several reasons. Hicks alleges that defense counsel failed to investigate the facts of the charged offense; erroneously advised him to enter a guilty plea, which resulted in his pleading to a fatally defective indictment; and failed to object to the untimely filing of the victim impact statement. Each claim alleged by Hicks will be addressed separately below.
 

 ¶ 13. In order to establish a claim of ineffective assistance of counsel, Hicks must prove that: (1) his counsel’s performance was deficient, and (2) his defense was prejudiced by his counsel’s deficient performance.
 
 Coleman v. State,
 
 979 So.2d 731, 735 (¶ 14) (Miss.Ct.App.2008) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We find that the evidence before this Court indicates that Hicks did not receive ineffective assistance from his counsel.
 

 A. Indictment
 

 ¶ 14. Hicks contends that defense counsel’s performance was deficient because had he properly investigated the facts, he would have discovered that the indictment did not charge the essential element of intent; thus, the indictment failed to conform to the statute.
 

 
 *644
 
 ¶ 15. Hicks’s argument of ineffective assistance of counsel as to the indictment is dependent upon a finding that the indictment failed to allege the essential element of intent and, therefore, was fatally defective. Count Two of the indictment does, in fact, conform to the language of the statute; thus, it is not defective. This contention of error is without merit.
 

 B. Voluntariness of Plea
 

 ¶ 16. Hicks argues that his guilty plea was unknowingly and involuntarily given because of erroneous and mistaken advice from his counsel. Hicks asserts that he was advised by counsel to plead guilty, even though counsel did not inform him that the indictment was fatally defective because it did not contain the essential element of intent. As this Court has previously noted, the indictment was not defective. Having found that the indictment was not defective, we also conclude that Hicks’s contention that his plea was not voluntary because of his counsel’s erroneous advice is not supported by the record.
 

 ¶ 17. In considering whether a guilty plea was voluntarily entered, it must be shown that: the defendant’s plea was not induced by fear, violence, deception, or improper inducements; the fact that the plea was voluntarily and intelligently made must appear in the record; the defendant was competent to understand the nature of the charge; the defendant understood the nature and consequences of the plea as well as the maximum and minimum penalties provided by law; the defendant understood that by pleading guilty he waived his constitutional rights to trial by a jury, to confront and cross-examine adverse witnesses, and to avoid self-incrimination; and if the defendant is not represented by an attorney and he is indigent, he has the right to be appointed an attorney to represent him at every stage of the proceeding. URCCC 8.04.
 

 ¶ 18. During the plea colloquy, the following dialogue occurred between the trial judge and Hicks:
 

 Q. [I] want to know for sure that you are offering your plea freely and voluntarily, that you are mentally alert.
 

 A. Yes, sir.
 

 [[Image here]]
 

 Q. Anyone tricked you or deceived you in any way that you know of?
 

 A. No, sii'.
 

 [[Image here]]
 

 Q. Also, Mr. Hicks, I want to be sure that you understand that if I accept your offered plea today, for all practical purposes, you are giving up your right to appeal any action taken here at the trial court level to the Mississippi Supreme Court and I’ll tell you why. If you freely and voluntarily admit your guilt and you know what you’re doing; that is, you are not a mentally ill person or a retarded person, and you don’t appear to be that; if I accept your plea and sentence properly, there is just not much left to appeal from. Do you understand that?
 

 A. Yes, sir.
 

 ¶ 19. Hicks acknowledged in the plea colloquy that he was not threatened, deceived, tricked, or promised leniency to enter a plea of guilty. Also, Hicks acknowledged that he understood that by entering a guilty plea to burglary of a dwelling he admitted to the facts as charged. While not finding that Hicks received faulty advice, this Court has previously held that in instances in which counsel gives faulty advice at the time preceding the plea hearing, such “error is cured if the defendant unequivocally is given the correct information and indicates his understanding of it during the hearing itself.”
 
 Henderson v. State,
 
 769 So.2d 210,
 
 *645
 
 214 (¶ 12) (Miss.Ct.App.2000). This issue lacks merit.
 

 C. Brady Material
 

 ¶ 20. Hicks contends that the State did not timely disclose all evidence or information to his defense counsel known to the prosecutor that would negate his guilt or serve to mitigate his sentence. Hicks asserts that the State intentionally withheld the victim impact statement from his defense counsel and the trial court until the day of sentencing. Hicks claims that such conduct is a
 
 Brady
 
 violation.
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
 

 ¶ 21. To establish a
 
 Brady
 
 violation a defendant must prove the following:
 

 (1) that the government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.
 

 King v. State,
 
 656 So.2d 1168, 1174 (Miss. 1995) (citing
 
 United States v. Spagnoulo,
 
 960 F.2d 990, 994 (11th Cir.1992)). Hicks does not argue that he was either denied access to or had access to exculpatory information delayed. Instead, Hicks merely argues that the victim impact statement was not provided to him until the day of sentencing. Because there is no allegation of exculpatory or mitigating information being contained therein, Hicks’s claim is more akin to one of prose-cutorial misconduct as opposed to a
 
 Brady
 
 violation.
 

 ¶ 22. Pursuant to Mississippi Code Annotated section 99-19-159 (Rev.2007), disclosure of a victim impact statement must be given to the defendant at least forty-eight hours prior to the date of sentencing. During the sentencing hearing, the State informed the trial judge that the victims did not wish to be in court due to the emotional stress and discomfort Hicks had caused them, but they had prepared a victim impact statement. The State also apprised the trial court that a copy of the victim impact statement had been provided to defense counsel. The record does not indicate that defense counsel made any objections at that time as to the timeliness of the statement; likewise, defense counsel did not suggest that Hicks was disadvantaged in any way by the timing of the statement’s receipt. “Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the [SJtate of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred.” Miss.Code Ann. § 99-39-21(1) (Rev.2007).
 
 See Tobias v. State,
 
 724 So.2d 972, 976 (¶ 24) (Miss.Ct.App.1998). Because Hicks failed to object to the untimely submission of the victim impact statement during the plea hearing, he waived his right to raise this argument on appeal. This issue is procedurally barred.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.