FAIR, J., FOR THE COURT:
 

 ¶ 1. Douglas Walker was convicted of one count of sexual battery and one count of fondling, both stemming from sexual contact with the eight-year-old daughter of his girlfriend. On appeal, Walker contends that his convictions were not supported by substantial evidence and that his two convictions should be merged because one is a lesser-included offense of the other. We find no merit to these contentions, and so we affirm Walker's convictions.
 

 FACTS
 

 ¶ 2. On September 22, 2012, eight-year-old "Amy"
 
 [1]
 
 had spent the day with her adult stepsister, Leslie Horton. As Horton pulled up to Amy's home to drop her off, Amy told Horton that she did not want to leave the car until her mother came home because Walker, her mother's live-in boyfriend, was there. When Horton asked why, Amy told her that Walker "puts his private inside of her and makes her go up and down." Horton then called Debbie Williams, Amy's aunt, and they met up. Amy told Williams that Walker "touches [her] and makes [her] go up and down on him"; she also said that "sometimes when her mother was not at home [Walker] would touch her private areas." Williams and Horton then took Amy to the hospital and contacted the police. Amy was later examined by Stacey Carter, a nurse practitioner specializing in pediatric forensic medicine at the University of Mississippi Medical Center. Carter noted that Amy had redness on her labia majora, but her
 examination was otherwise normal. Amy also disclosed the abuse to Katrina Kennedy, a forensic examiner, and a video recording of the interview was entered into evidence at the trial.
 

 DISCUSSION
 

 1. Indictments
 

 ¶ 3. Walker contends that his indictments were "woefully inadequate and failed to satisfy the notice requirements" of Rule 7.06 of the Uniform Rules of Circuit and County Court Practice,
 
 [2]
 
 which at the time provided that "[t]he indictment upon which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charges and shall fully notify the defendant of the nature and cause of the accusation."
 

 ¶ 4. Count I of the indictment charged Walker with sexual battery in violation of Mississippi Code Annotated section 97-3-95(1) (Rev. 2014) and alleged that Walker "did unlawfully, wilfully, and feloniously engage in sexual penetration with [Amy], a female child under the age of fourteen (14) years, by inserting his penis and/or finger(s) and/or palm into her genital opening and/or vagina." Count II charged Walker with fondling, also known as molestation or gratification of lust, in violation of section 97-5-23(1) (Rev. 2014). It alleged that Walker "did unlawf[u]lly, wilfully, and feloniously, for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, handle, touch or rub with his hands and/or penis, the vagina or genital area and/or buttock and/or back and body of [Amy], a female child under the age of sixteen (16)."
 

 ¶ 5. We must first note that Walker failed to object to the form of the indictment, and this issue is therefore waived on appeal.
 
 Pustay v. State
 
 ,
 
 221 So.3d 320
 
 , 353 (¶ 109) (Miss. Ct. App. 2016). Nonetheless, we will address the merits of the issue.
 

 ¶ 6. The gist of Walker's complaint seems to be that the indictments were overly broad in alleging the manner or means by which he violated the respective statutes; he complains about the number of "ors" and "and/ors" when describing what he touched or penetrated, and with what. But it is a well-established axiom of law that "where an indictment tracks the language of the statute, the indictment sufficiently puts the defendant on notice of the charges against him in order to prepare his defense."
 
 Jenkins v. State
 
 ,
 
 101 So.3d 161
 
 , 165 (¶ 10) (Miss. Ct. App. 2012) (quoting
 
 Hicks v. State
 
 ,
 
 40 So.3d 640
 
 , 642 (¶ 9) (Miss. Ct. App. 2010) ). Thus, when an indictment tracks the language of the Mississippi Code, it complies with Rule 7.06.
 
 See
 

 Graves v. State
 
 ,
 
 216 So.3d 1152
 
 , 1159 (¶ 12) (Miss. 2016). The indictment here tracks the statutory language for each offense, provides the time range and location of each offense, identifies the victim and the ages of the defendant and victim, and alleges that the acts were committed willfully, unlawfully, and feloniously. Therefore, we find that the indictment was sufficient.
 

 ¶ 7. Furthermore, "the ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his defense."
 
 Jones v. State
 
 ,
 
 856 So.2d 285
 
 , 289 (¶ 11) (Miss. 2003). Walker's defense at trial was that he never had inappropriate contact with Amy. Therefore, we
 cannot see how an indictment that specified several means or modes of committing the offenses prejudiced Walker in preparation of his defense.
 
 See
 

 Tapper v. State
 
 ,
 
 47 So.3d 95
 
 , 102 (¶ 27) (Miss. 2010) ("The cold, hard facts are that, even if these young, immature girls had the ability to describe to the prosecutor in adult terms and in the most graphic detail the acts which they said Tapper committed upon them, Tapper would not have been in any better position to prepare his defense 'that he didn't do it' ....").
 

 ¶ 8. Alternatively, Walker asserts that if this Court finds that he waived his right to assert this issue on appeal, then "such conduct would clearly be ineffective assistance of counsel." "In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial."
 
 Dartez v. State
 
 ,
 
 177 So.3d 420
 
 , 423 (¶ 19) (Miss. 2015). Walker cites no authority nor any proof to show how his trial attorney's performance deprived him of a fair trial. Additionally for the above reasons, the indictment was not defective. Thus, this issue is without merit.
 

 2. Sufficiency of the Evidence
 

 ¶ 9. Next, Walker challenges the sufficiency of the evidence supporting his conviction for sexual battery. When reviewing the legal sufficiency of evidence, we consider all evidence in the light most favorable to the State.
 
 Bush v. State
 
 ,
 
 895 So.2d 836
 
 , 843 (¶ 16) (Miss. 2005) (abrogated on other grounds by
 
 Little v. State
 
 ,
 
 233 So.3d 288
 
 , 295 (Miss. 2017) ). Credible evidence consistent with guilt must be accepted as true.
 
 McClain v. State
 
 ,
 
 625 So.2d 774
 
 , 778 (Miss. 1993). The relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
 
 Bush
 
 ,
 
 895 So.2d at 843
 
 (¶ 16). Further, "[i]t is within the discretion of the jury to accept or reject testimony by a witness, and the jury may give consideration to all inferences flowing from the testimony."
 
 Johnson v. State
 
 ,
 
 832 So.2d 1263
 
 , 1265 (¶ 3) (Miss. Ct. App. 2002) (internal quotation mark omitted).
 

 ¶ 10. Specifically, Walker claims that there is insufficient proof of penetration, which is an essential element of sexual battery.
 
 See
 

 Johnson v. State
 
 ,
 
 626 So.2d 631
 
 , 632 (Miss. 1993). Sexual penetration has been statutorily defined to include "cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body."
 
 Miss. Code Ann. § 97-3-97
 
 (a) (Rev. 2014). "Slight penetration of the vulva or labia is sufficient to constitute penetration."
 
 Ashford v. State
 
 ,
 
 233 So.3d 765
 
 , 778 (¶ 41) (Miss. 2017).
 

 ¶ 11. The record reflects that the victim stated that Walker forced her to "go up and down" on him and that his penis was inside her when this occurred. Though hearsay, these accounts were admitted as substantive evidence and were sufficient to support the conviction. Walker points out that the victim was somewhat inconsistent in her forensic interview about whether Walker's penis was "inside" or "outside" of her, and she said it was "outside" in her testimony at trial. But inconsistent statements of a witness go to the weight of the evidence, not its sufficiency.
 
 Jamison v. Barnes
 
 ,
 
 8 So.3d 238
 
 , 245 (¶ 17) (Miss. Ct. App. 2008). And it was for the jury to decide whether the child's recollection of the events at trial, years after the fact, was entitled to more or less weight
 than her more contemporaneous accounts. "[T]he jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict."
 
 Nicholson v. State
 
 ,
 
 523 So.2d 68
 
 , 70 (Miss. 1988). On appeal, this Court is to view the evidence in the light most favorable to the verdict.
 
 Bush
 
 ,
 
 895 So.2d at 843
 
 (¶ 16).
 

 ¶ 12. Regardless, the emphasis on whether Walker's penis was "inside" or "outside" of the victim is misplaced. Under Mississippi law, sexual penetration is a term of art, and its legal definition does not require that the defendant's penis be inside the victim in the colloquial sense. Instead, sexual penetration requires only penetration of the labia, the fleshy folds of skin surrounding the entrance to the vagina, and that penetration need only be slight.
 
 Jackson v. State
 
 ,
 
 452 So.2d 438
 
 , 440-41 (Miss. 1984). In other words, a defendant rubbing his penis between the labia of the victim is sexual penetration as our law defines it. In
 
 Jackson
 
 , the supreme court affirmed a conviction for rape based on evidence of abrasive injury to the labia; penetration could be inferred from the nature of the act that caused the abrasion.
 

 Id.
 

 Here, the victim stated that Walker forced her to "go up and down on him" while his "private" was "inside" her, or alternatively that Walker had pulled her underwear down, made her get on top of him, and "rubbed his private between her legs," although it was "outside" of her body. She also said Walker had put his penis "on top of her private." The medical examination corroborated her account, noting redness of the labia majora. A reasonable jury could find, beyond a reasonable doubt, that this contact included some slight penetration of the labia. That is all that is required to sustain the conviction for sexual battery.
 

 ¶ 13. We find the dissent's reliance on
 
 Jenkins v. State
 
 ,
 
 101 So.3d 161
 
 (Miss. Ct. App. 2012), to be misplaced. In
 
 Jenkins
 
 , we held that "Jenkins putting his hand inside [the victim's] panties is not sufficient to constitute penetration."
 

 Id.
 

 at 167
 
 (¶ 17). Our comment in
 
 Jenkins
 
 about what charges "typically result" from touching or rubbing was dictum, and it was addressed only to touching by the defendant's hand.
 
 See
 

 id.
 

 at 167
 
 (¶ 17).
 

 ¶ 14. We conclude that the evidence was sufficient to support Walker's conviction of sexual battery.
 

 3. Merger of Counts
 

 ¶ 15. Next, Walker contends that his convictions on Counts I and II violate the Double Jeopardy Clause of the United States Constitution. For this proposition he cites
 
 Friley v. State
 
 ,
 
 879 So.2d 1031
 
 (Miss. 2004), where the Mississippi Supreme Court held that fondling can be a lesser-included offense of sexual battery.
 

 ¶ 16. We employ the
 
 Blockburger
 
 test to determine whether a double-jeopardy violation has occurred; it asks "whether each offense contains an element not present in the other."
 
 Watkins v. State
 
 ,
 
 101 So.3d 628
 
 , 632 (¶ 12) (Miss. 2012) (citing
 
 Blockburger v. United States
 
 ,
 
 284 U.S. 299
 
 , 304,
 
 52 S.Ct. 180
 
 ,
 
 76 L.Ed. 306
 
 (1932) ). But the
 
 Blockburger
 
 test is only applicable "where the same act or transaction constitutes a violation of two distinct statutory provisions."
 
 Blockburger v. United States
 
 ,
 
 284 U.S. 299
 
 , 304,
 
 52 S.Ct. 180
 
 ,
 
 76 L.Ed. 306
 
 (1932). In reviewing the victim's testimony and statements admitted as substantive evidence, it is apparent that she described multiple occurrences happening over a period of months. She described an act of sexual battery, which we have detailed above. But she also testified about other touchings that substantiate the
 molestation count, and these apparently occurred in entirely separate encounters. Amy testified that Walker would "touch [her] back, between [her] legs and on [her] stomach" with his hand, and that this happened more than once. She also confirmed that this happened a "different time" from when he touched her with his penis.
 

 ¶ 17. Since the two counts were substantiated by separate acts of the defendant, in this instance is irrelevant that fondling can be a lesser-included offense of sexual battery. Where "sufficient evidence exists to support separate and distinct acts of fondling and sexual battery, separate indictable charges can properly stand without implicating jeopardy issues."
 
 Faulkner v. State
 
 ,
 
 109 So.3d 142
 
 , 148 (¶ 21) (Miss. Ct. App. 2013).
 

 ¶ 18. Finally, Walker contends, in a single sentence argument, that "the failure to specifically allege what acts constituted fondling for the purposes of Count II violated Walker's future double jeopardy protections under
 
 Goforth v. State
 
 ,
 
 70 So.3d 174
 
 , 189 (Miss. 2011)." But
 
 Goforth
 
 is simply inapposite: it concerned "multiple, identically worded counts in the indictment," where the defendant had been convicted of some of the identical counts and acquitted of the others.
 

 Id.
 

 at 189
 
 (¶ 69). The supreme court reversed the convictions on other grounds, and the issue was whether double jeopardy prohibited retrial on any of the counts-the court held that it did, since it had no way to identify what Goforth had already been acquitted of.
 
 See
 
 id.
 

 In Walker's case, the counts were not identically worded, Walker was not acquitted of any of them, and he is not going to be retried. There is no "future double jeopardy" issue because Walker cannot be prosecuted again for the same offenses during the time frame specified in the indictment.
 
 See
 

 Bateman v. State
 
 ,
 
 125 So.3d 616
 
 , 627-28 (¶ ¶ 36-37) (Miss. 2013).
 

 ¶ 19. We find no merit to this issue.
 

 4. Ineffective Assistance of Counsel
 

 ¶ 20. Finally, Walker seeks to reserve all ineffective assistance of counsel claims that are not apparent from the record for post-conviction collateral relief. This is entirely unnecessary to preserve the claims, as issues which are not fully apparent from the record
 
 cannot
 
 be raised on direct appeal and are not waived by failure to do so.
 
 See
 
 M.R.A.P. 22(b). Still, this Court cannot reserve post-conviction claims for Walker; since he has appealed his conviction, he must petition the Mississippi Supreme Court for leave to file a post-conviction-relief motion.
 
 See
 

 Miss. Code Ann. § 99-39-7
 
 (Rev. 2015). This may only be done after post-conviction issues outside the record, if they exist, are found, and a proposed motion is executed and submitted to the supreme court.
 
 See
 

 Miss. Code Ann. § 99-39-27
 
 (Rev. 2015). On direct appeal, this Court can only deny relief without prejudice to a future post-conviction claim.
 
 See
 

 Johnson v. State
 
 ,
 
 236 So.3d 835
 
 , 839-40 (¶ 16) (Miss. Ct. App. 2017).
 

 ¶ 21.
 
 AFFIRMED.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR. GREENLEE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND CARLTON, J.
 

 To protect the victim's privacy, we will refer to her by an alias.
 

 Effective July 1, 2017, Rule 7.06 was replaced with Rule 14.1(a) of the Mississippi Rules of Criminal Procedure.