## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 93-KA-00620-SCT

*BOB BROOKS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/27/93 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARK G. WILLIAMSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  W. GLENN WATTS |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 6/5/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/26/97 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. The matter before the Court involves an appeal from a conviction of burglary. We are asked to determine whether the circumstances of possession are sufficient to permit the conclusion beyond a reasonable doubt that Bob Brooks is guilty of burglary. We hold that they are. Accordingly we affirm.

### I.

¶2. On or around December 18, 1991, Don Rule's house in Oktibbeha County, Mississippi, was burglarized. This house was unfinished and Rule was in the process of working on it. The back window of the house had been broken. Items missing included a lawnmower, a folding scaffold ladder, a Homelite chainsaw, a reciprocating saw, a Makita palm sander, a Skil plunge router, fishing tackle, two boxes of Corning dishes, a Black and Decker quarter inch drill, a table saw, a five gallon wet and dry vac, and a Bostick stapler.

¶3. On December 18, 1991, Rule noticed one set of tire tracks leading up to the front porch of the house. Rule testified that the deputies and he believed that the tracks were probably made by a truck. Rule further testified that there was a set of boot prints that did not belong to him.

¶4. Several of the items stolen from Rule were found in various pawnshops. The pawnshops had documentation that these items were pawned by Brooks as well as his girlfriend. Deputy Burton then obtain and executed a search warrant for Brooks' residence, where he recovered a table saw, various saws, hand tools, a toolbox, a footlocker, rod and reels, and fishing tackle. Burton also found an empty Makita palm sander box and an empty electric stapler box. All of the property seized from Brooks' house during the search was later identified as among those items stolen from Rule's property.

¶5. Sharon Williams, Brooks' girlfriend, testified that Brooks had given her a saw, a sander, an electric stapler, and a wet vac on December 18, 1991, to pawn for him, which she did. Brooks had also given her a set of dishes as a Christmas gift between December 18th and 25th.

¶6. Archie James, owner of Big Daddy's Pawn Shop, testified that Brooks had pawned a Milwaukee Sawzall and a Toro lawnmower in March or February of 1992. Heath Beard of City Pawn and Gun Shop testified that Brooks had pawned a four-way scaffling ladder. The defendant presented no evidence at the trial.

## II.

¶7. Brooks contends that possession of stolen property without an explanation is not sufficient evidence to convict him of burglary. He further contends that other evidence at the crime scene exonerates him.

¶8. The standard of review applied when the assignment of error turns on the sufficiency of evidence has been stated as:

> When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidence--not just that supporting the case for the prosecution--in the light most consistent with the verdict. We give the prosecution the benefit of all inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered points in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is beyond our authority to disturb.

*Carr v. State*, 655 So. 2d 824, 837 (Miss. 1995); *Clayton v. State*, 652 So. 2d 720, 724 (Miss. 1995).

¶9. This Court has consistently held that unexplained possession of recently stolen property is prima facie, although no means conclusive, evidence of burglary. *Weaver v. State*, 481 So. 2d 832, 834

(Miss. 1985); **Huddleston v. State**, 220 Miss. 292, 70 So. 2d 621 (1954). The concern with this rule is that it violates a defendant's right not to testify and shifts the burden from the prosecution to the defense. We have recently revisited this rule and determined that under appropriate circumstances guilt beyond a reasonable doubt may be based upon the possession of recently stolen property. **Shields v. State,** No. 92-KA-01067-SCT (Miss. Feb. 27, 1997).

¶10. In **Shields**, we rejected the notion that the constitutional right to remain silent contravenes the presumption that arises from the unexplained possession of recently stolen property. We held:

> "the inference of participation in the crime drawn from possession of the fruits of the crime is to be judged like any other inference, that is, on the strength of that inference in the light of the facts of each particular case." **Cosby**, 682 F. 2d at 1380. The circumstances of possession and the presence or absence of evidence of participation in the crime other than mere possession must be viewed. **Id.** at 1380, 1382-83.

**Shields,** slip op. at 5-6.

¶11. We identified circumstances to be considered as follows:

> 1. The temporal proximity of the possession to the crime to be inferred;

> 2. The number or percentage of the fruits of the crime possessed;

> 3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;

> 4. Whether an explanation is given and whether that explanation is plausible or demonstrably false.

**Id**. at 3; *see also* **Cosby v. United States**, 682 F. 2d 1373 (11th Cir. 1982); **West v. Wright**, 931 F. 2d 262 (4th Cir. 1991), *rev. on other grounds*, 502 U. S. 1021 (1992). Here as there, the inference must gain strength from the circumstances of possession as there exists no other corroborating evidence.

¶12. The first factor, the temporal proximity of possession, lends great strength to the inference that Brooks committed the burglary. He was shown to have been in possession of several items of the property taken on the day after the burglary. The second factor also lends strength. Almost all of the items taken were identified in Brooks' possession. The third factor also supports the inference in that he used his girlfriend to pawn the items in the transaction which took place immediately after the burglary. Finally, the fourth factor lends strength to the inference, because Brooks offered no explanation whatever.

¶13. Brooks' contention that he did not own a truck at the time of the burglary does not detain us. Clearly, gaining temporary access to a truck is not so far beyond the range of possibility as to sufficiently detract from the inference of guilt to demand acquittal.

¶14. The **Cosby** Court observed that "the inference is at its strongest when the defendant wholly fails to make a credible explanation or makes a demonstrably false explanation." **Id.** That observation which we applied in **Shields** is consistent with our precedents. **Murphy v. State**, 566 So. 2d 1201

(Miss. 1990).

¶15. Considering all of the indicia of strength of the inference together, we must conclude that under the circumstances of this case the inference of burglary is sufficient to support a conviction. Accordingly, we affirm.

¶16. **CONVICTION OF BURGLARY OF A BUILDING AS AN HABITUAL OFFENDER AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**McRAE, JUSTICE, DISSENTING:**

¶17. By allowing the State to prove guilt of burglary beyond a reasonable doubt by merely showing possession of recently stolen property, the majority unfairly shifts the burden of proof to the defendant. Requiring the defendant to explain or testify violates the principles of our Constitution. I strenuously oppose the notion that this Court may compromise the absolute right of a defendant to remain silent, even in the face of allegedly damning evidence, by allowing the State to proffer unexplained possession of recently stolen property as prima facie evidence of guilt.

¶18. While in this case Brooks might have been guilty of another charge, such as receiving stolen property, the State chose to prosecute him on the charge of burglary. This Court should hold the State responsible for proving all elements of any charge against a defendant beyond a reasonable doubt. Instead, the majority allows the State to rely on shallow inferences based on a defendant's exercise of his constitutionally protected right.

¶19. The Fifth Amendment precludes the drawing of unfavorable inferences from a defendant's failure to testify. When the State has commented on a defendant's refusal to testify, we have not hesitated to reverse in other criminal contexts. Simply put, this Court must not allow the State to benefit from a defendant's refusal to explain or testify. It is for these reasons, along with those noted in my dissent to *Shields v. State*, No. 92-KA-01067-SCT (Miss. Feb. 27, 1997), that I am compelled to dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**