# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01439-COA

**TONY CHISHOLM A/K/A TONY D. CHISHOLM**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2018 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: ERIN E. BRIGGS |
| | TONY CHISHOLM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/07/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.     A Wilkinson County Circuit Court jury convicted Tony Chisholm of felony fleeing or eluding a law enforcement officer in a motor vehicle under Mississippi Code Annotated section 97-9-72 (Rev. 2014).  Chisholm appeals, contending that there was insufficient evidence to support his conviction, that the jury was biased against him, and that the deputy sheriff failed to tell him that he was under arrest or read him his *Miranda* rights before attempting to pull him over.  He also asserts that the circuit court did not properly instruct the jury on the lesser included offense of misdemeanor fleeing.  Finding no error, we affirm.

BACKGROUND AND PROCEDURAL HISTORY

¶2.     Wilkinson County Sheriff's Deputy Lemuel Rutledge drove to the Pieces nightclub outside Woodville, Mississippi, after being informed that Chisholm was there. At the time, Deputy Rutledge knew that Chisholm had various felony warrants out for his arrest. Once Deputy Rutledge arrived at the nightclub, he exited his police cruiser. Chisholm, who was in the driver's seat of an SUV, also exited his vehicle. The two spoke. After a short exchange, Chisholm got back into his vehicle and left the parking lot by driving the SUV up a hill that led into the parking lot of a neighboring building (rather than exiting via the normal parking lot exit). Deputy Rutledge got back into his police cruiser and followed Chisholm in an attempt to pull Chisholm over. Another deputy, Deputy Elliot Lowe, also followed in his police cruiser behind Deputy Rutledge.[1]

¶3.     Despite the deputies' blue lights and sirens being on, Chisholm did not pull over. The deputies continued to follow Chisholm through town. During the pursuit, Chisholm drove ten to thirty miles per hour over the speed limit, passed multiple cars in a no-passing zone, ran more than one car off the road, ran a stop sign, and took an erratic turn. The deputies lost sight of Chisholm's vehicle when forced to stop to avoid wrecking into another vehicle. Law enforcement found and arrested Chisholm four days later.

¶4.     A grand jury indicted Chisholm for felony fleeing. Deputy Rutledge testified on behalf of the State at trial. After the State rested its case-in-chief, Chisholm moved for a

---

[1] By the time of Chisholm's trial, Deputy Lowe had left the Wilkinson County Sheriff's Department and moved out of state. Deputy Lowe did not testify during Chisholm's trial.

directed verdict. The circuit court denied Chisholm's motion. Prior to closing arguments, Chisholm renewed his motion for a directed verdict, and the court again denied Chisholm's motion. The jury found Chisholm guilty of felony fleeing, and the circuit court sentenced Chisholm to serve five years in the custody of the Mississippi Department of Corrections. Chisholm filed a motion for a new trial, which the court denied. Chisholm now appeals, contending that there was insufficient evidence to support his conviction, that the jury was biased, and that the deputy sheriff failed to tell Chisholm that he was under arrest or read him his *Miranda* rights before attempting to pull him over. In his pro se reply brief, Chisholm also asserts that although the circuit court gave a jury instruction on the lesser included offense of misdemeanor fleeing, the instruction regarding the form of the verdict did not give the jury that option. We address these issues in turn.

## DISCUSSION

### I. Sufficiency of the Evidence

¶5. Chisholm first contends that the State did not present sufficient evidence at trial to support his felony fleeing conviction. According to Chisholm, at most, he should have been convicted of misdemeanor fleeing. We disagree.

¶6. In considering whether the evidence is sufficient to sustain a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Williams v. State*, 35 So. 3d 480, 485 (¶16) (Miss. 2010). Where the facts and inferences "point in favor of the defendant on any element of the offense with

3

sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty," the proper remedy is to reverse and render. *Id*. However, if "reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense," the evidence is sufficient, and the conviction should be sustained. *Id*.

¶7. Here, the jury convicted Chisholm of felony fleeing. Mississippi Code Annotated section 97-9-72 provides the elements for this crime:

> (1) The driver of a motor vehicle who is given a visible or audible signal by a law enforcement officer by hand, voice, emergency light or siren directing the driver to bring his motor vehicle to a stop when such signal is given by a law enforcement officer acting in the lawful performance of duty who has a reasonable suspicion to believe that the driver in question has committed a crime, and who willfully fails to obey such direction shall be guilty of a misdemeanor . . . .
>
> (2) Any person who is guilty of violating subsection (1) of this section by operating a motor vehicle in such a manner as to indicate a reckless or willful disregard for the safety of persons or property, or who so operates a motor vehicle in a manner manifesting extreme indifference to the value of human life, shall be guilty of a felony . . . .

¶8. Chisholm asserts that he did not operate his vehicle with "reckless or willful disregard for the safety or persons or property, or . . . manifesting extreme indifference to the value of human life." As support, Chisholm states that "there were simply no accidents and no injuries caused by [his] actions." But Chisholm did not have to cause accidents or injuries to be convicted of felony fleeing. *Hobson v. State*, 181 So. 3d 1021, 1026 (¶9) (Miss. Ct. App. 2015) ("The mere fact that no one was injured by [the defendant's] reckless driving is irrelevant to the [felony fleeing] conviction.").

4

¶9.    In *Hobson*, the Court found sufficient evidence to support a felony fleeing conviction where the defendant "failed to stop when the officer activated his blue lights, ran three stop signs, and exceeded the posted speed limit in a residential area." *Id*. In Chisholm's case, Deputy Rutledge testified that Chisholm failed to stop even though Deputy Rutledge had activated both his blue lights and siren. Deputy Rutledge also testified that, during his pursuit of Chisholm, Chisholm drove over the speed limit, ran a stop sign, passed vehicles in the wrong lane and in a no-passing zone, and made an erratic turn. In doing so, Chisholm forced other vehicles to drive off the road to avoid hitting him. Accordingly, the State presented the jury with sufficient evidence to find the essential elements of felony fleeing, including Chisholm's "reckless or willful disregard for the safety of persons or property," beyond a reasonable doubt.[2]

## II.    Impartial Jury

¶10.    As his second assignment of error, Chisholm contends that he was not afforded an impartial jury because "all or most of the jurors had ties to law enforcement." A defendant "bears the burden of showing [he] was 'prejudiced by the jury selected or that the jury was biased or less than impartial.'" *Dewitt v. State*, 269 So. 3d 388, 395 (¶19) (Miss. Ct. App. 2018) (quoting *George v. State*, 812 So. 2d 1103, 1108 (¶22) (Miss. Ct. App. 2001)), *cert. denied*, 258 So. 3d 286 (Miss. 2018). "We have stated that the trial court has 'complete discretion' to remove any juror that the trial court is convinced is not able to try the case without any bias or prejudice toward the State or the defendant." *Taylor v. State*, 90 So. 3d

---

[2] Chisholm's cursory request for a new trial on remand, which ostensibly challenges the weight of the evidence, yields no different result.

97, 107 (¶36) (Miss. Ct. App. 2011). "Since 'there is no firm rule guiding the courts in every given situation of voir dire examination, these matters must be determined on a case by case basis.'" *Dewitt*, 269 So. 3d at 395 (¶19) (quoting *Langston v. State*, 791 So. 2d 273, 281 (¶19) (Miss. Ct. App. 2001)). "An appellate court may not reverse a decision by a trial court regarding jury selection unless there is an abuse of discretion." *Taylor*, 90 So. 3d at 107 (¶36).

¶11.    In his brief, Chisholm presents no evidentiary support for his assertion that the jury was biased against him or less than impartial. Further, in carefully reviewing the record, we find no abuse of discretion by the trial court regarding jury selection. This issue therefore lacks merit.

    *III.    Miranda Rights*

¶12.    In his third assignment of error, Chisholm contends that Deputy Rutledge allowed him to leave the Pieces nightclub parking lot without telling him that he was under arrest or reading him his *Miranda* rights.[3] Chisholm cites no authority and provides no further argument in support of this assignment of error. "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *Simmons v. State*, 805 So. 2d 452, 487 (¶90) (Miss. 2001). Regardless, being placed under arrest and being advised of *Miranda* rights are not predicates for the crime of felony fleeing. By the plain language of section 97-9-72, neither arrest nor *Miranda* warning is a required element of felony fleeing. Thus, this issue is likewise meritless.

---

    [3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*IV.    Jury Instruction on Lesser Included Offense*

¶13.    Finally, Chisholm belatedly asserts in his reply brief that although the circuit court gave a jury instruction on the lesser included offense of misdemeanor fleeing, the instruction regarding the form of the verdict did not give the jury that option. It is a well-established rule that "[w]e will not consider issues raised for the first time in an appellant's reply brief." *Nelson v. State*, 69 So. 3d 50, 52 (¶8) (Miss. Ct. App. 2011) (quoting *Sanders v. State*, 678 So. 2d 663, 669-70 (Miss. 1996)). Nonetheless, the record shows that Chisholm's assertion regarding the lesser-included-offense instruction is simply not true. The record indicates that the trial court provided the jury with an instruction regarding the lesser included offense of misdemeanor fleeing and that the instruction regarding the form of the verdict also included that option.

¶14.    Based on the foregoing reasons, we affirm Chisholm's felony fleeing conviction and sentence.

¶15.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**