MYERS, P.J.,
for the Court.
¶ 1. Earnest Smith takes his appeal from the order of the Circuit Court of Sunflower County denying his motion for post-conviction collateral relief on the merits. Smith argues intervening court decisions allow him to bypass the applicable statute of limitations which would otherwise time bar his collateral attack. We And that Smith did not prove that intervening decisions existed so as to provide an exception to the procedural time bar of Mississippi Code Annotated section 99-39-5(2) (Supp.2006) and affirm the lower court’s dismissal of his post-conviction relief motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1995, Smith entered guilty pleas to several different drug and weapon charges, including possession of cocaine with intent to sell or distribute, possession of marijuana with intent to sell or distribute, and three counts of possession of firearms by a convicted felon. Smith was sentenced on these counts as a habitual offender, pursuant to Mississippi Code Annotated section 99-19-81, based on four prior felony convictions. Subsequent to his entry of the guilty plea, Smith was sentenced to serve concurrent, respective terms of thirty years, twelve years, three years, three years and three years on the above referenced charges, without the benefit of probation or parole, in the custody of the Mississippi Department of Corrections. More than nine years later, in 2004, Smith filed a motion for post-conviction relief asserting that the habitual offender statute under which he was sentenced is unconstitutional because it does not require a jury trial to determine whether an offender meets the eligibility requirements for enhanced punishment.
ANALYSIS
¶ 3. Pursuant to Mississippi Code Annotated section 99-39-5(2), the applicable statute of limitations for a prisoner to bring a motion for post-conviction collateral relief runs three years after the entry of the guilty plea or judgment of conviction. However, the three-year statute of limitations does not bar post-conviction relief where the prisoner can demonstrate there has been an intervening decision of the United State Supreme Court or the Mississippi Supreme Court which would have actually adversely affected the outcome of his conviction or sentence. Miss.Code Ann. § 99-39-5(2).
¶ 4. Smith filed this action alleging deprivation of his constitutional due process rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, claiming he was sentenced unconstitutionally under our habitual offender statute, Mississippi Code Annotated section 99-19-81 (Rev.2000), which does not provide for a jury trial to determine the issue of whether an offender is eligible for the enhanced punishment. He attacks his sentence outside of the applicable statute of limitations, asserting that the exception of intervening court decisions applies so as to allow his claim to avoid the time bar. Smith argues that the United States Supreme Court decisions of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), stand for the proposition that his constitutional rights were violated because he was entitled to a jury trial to determine whether he was eligible for enhanced punishment under the state’s habitual offender statute.
¶ 5. We find Smith’s argument unavailing, as his assertions are based on a misperception of the law. The United *1170 States Supreme Court, the Mississippi Supreme Court, as well as this Court, have made clear that an offender has no entitlement to a jury trial on the issue of whether or not he qualifies for enhanced punishment under the habitual offender statute. Apprendi, 530 U.S. at 476, 120 S.Ct. 2348 (noting that “ ‘under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.’ ”) (quoting Jones v. United States, 526 U.S. 227, 243, n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)); Blakely, 542 U.S. at 301, 124 S.Ct. 2531 (holding that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury”); Adams v. State, 410 So.2d 1332, 1334 (Miss.1982) (holding that no entitlement exists to a jury trial on the issue of whether an offender is qualified to be a habitual offender); Wildee v. State, 930 So.2d 478, 481(¶ 2) (Miss.Ct.App.2006) (recognizing that prior convictions are an exception to the requirement of jury determination of enhancing sentencing factors). Smith misinterprets the holdings of the United States Supreme Court decisions of Apprendi and Blakely, asserting that his sentence is unconstitutional because the issue of his habitual offender status was not adjudicated by a jury.
¶ 6. Our review of a lower court’s denial of a motion for post-conviction relief is limited to reversal only when the decision is clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶8) (Miss.1999). Smith failed to prove that an intervening decision of the United States Supreme Court or the Mississippi Supreme Court excepts the procedural time bar of his claim pursuant to Mississippi Code Annotated section 99-39-5(2). Therefore, the decision of the lower court to dismiss Smith’s motion for post-conviction relief is affirmed.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.